**NEW YORK CENT. R. CO. v. ILLINOIS COMMERCE COMMISSION et al.**

No. 48C161.

District Court, N. D. Illinois, E. D.

April 15, 1948.

Leo P. Day, of Chicago, Ill., for plaintiff.

George F. Barrett, Atty. Gen. of Ill., Winston, Strawn & Shaw and Joseph H. Wright, all of Chicago, Ill., for defendants.

Before KERNER, Circuit Judge, and IGOE and CAMPBELL, District Judges.

PER CURIAM.

Plaintiff by a suit in equity is seeking a temporary restraining order and an interlocutory injunction to enjoin defendants from enforcement of an order of the defendant Illinois Commerce Commission entered on October 2, 1947, and slightly modified on rehearing on December 11, 1947 (hereinafter referred to as the order). Gulf, Mobile and Ohio R. R., sucessor in interest of the Alton R. R., and Illinois Central R. R. have intervened and have joined in a brief in opposition to plaintiff's application for an interlocutory injunction. The remaining defendants are the Illinois Commerce Commission, its individual members, and the Attorney General of the State of Illinois.

In substance, the complaint alleges that by the terms of the order the plaintiff must establish a confiscatory rate for the switching service it renders to the industries located at Bloomington, Illinois; that by the terms of the order which is applicable to intrastate traffic the proportion of the carload revenue received by plaintiff is reduced from $30.50 to $6.81 on an average revenue carload; that the alleged confiscatory rate would subject plaintiff to a minimum annual loss of $12,000; that by the terms of the order it takes property for public use without just compensation; that it violates both the Constitutions of the United States and Illinois; that it is arbitrary and contrary to law; that plaintiff has appealed from the Commission's order which was to take effect February 15, 1948; that the appeal is now pending in the Circuit Court of McLean County; that prior to February 15, 1948, plaintiff moved in the Circuit Court of McLean County to stay and suspend the Commission's order; that said motion was denied; that a petition to the defendant Commissioner to suspend the order pending final determination of the appeal was likewise denied; that plaintiff has exhausted all its State remedies; that if plaintiff fails to comply with the terms of the order the defendants will institute suits and prosecutions against plaintiff which will entail cumulative penalties under the statute for violation of the Commission's orders; that, finally, plaintiff seeks the aforesaid injunction to protect it while it tests the validity of the order in the State courts.

Plaintiff's prayer that a three judge court (of whom one is to be a circuit judge) be convened to hear its motion is well grounded, as it is predicated on the authority of § 266 of the Judicial Code, 28 U.S.C.A. § 380. It is clear from the language of the statute that no interlocutory injunction restraining the execution of an order made by an administrative board pursuant to the statutes of the State, shall be granted upon the ground of the unconstitutionality of the applicable statute unless the application shall be heard and determined by three judges, of whom at least one shall be a justice of the Supreme Court

or a circuit judge. Pursuant to the Code a temporary order has been entered by a district judge restraining the enforcement of the Commission's order pending the determination of plaintiff's application for an interlocutory injunction.

The defendants while acceding to the convocation of the court under the authority of § 266 in the instant proceedings assert that the plaintiff's suit does not satisfy the jurisdictional requirements laid down by § 24 of the Code, 28 U.S.C.A. § 41, and that it is upon the provisions of this statute, with one exception to be considered later, that the issues are drawn. The provisions of the statute are as follows:

" * * * no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the enforcement, operation, or execution of any order of an administrative board or commission of a State, or any rate-making body of any political subdivision thereof, or to enjoin, suspend, or restrain any action in compliance with any such order, where jurisdiction is based solely upon the ground of diversity of citizenship, or the repugnance of such order to the Constitution of the United States, where such order (1) affects rates chargeable by a public utility, (2) does not interfere with interstate commerce, and (3) has been made after reasonable notice and hearing, and where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State. * * * "

■ First. It is clear that the order of the Commission, concerning which the plaintiff is complaining, affects rates chargeable by a public utility, because, among other things, the plaintiff, a public utility, is ordered to enlarge its switching district in the City of Bloomington and to switch cars within this increased area pursuant to the Commission's prescribed minimum and maximum rates. See Alton R. Co. v. Illinois Commerce Commission, 382 Ill. 478, 48 N.E.2d 381.

■ Second. Whether the order interferes with interstate commerce is a question on which the contending parties are in sharp disagreement. Plaintiff's argument that the order will interfere with interstate commerce is predicated on the contention that because it has no separate arrangements for the handling of interstate and intrastate traffic at Bloomington, the effect of the order will subject the interstate traffic to the flow of heavy and increased intrastate traffic which by the terms of the order must be moved at nominal charges. The rule is undisputed that a rate issued by the proper State body does not interfere with interstate commerce unless it is directly burdensome or otherwise discriminatory of the interstate traffic. Minnesota Rate Cases, Simpson v. Shepard, 230 U.S. 352, 410, 33 S.Ct. 729, 57 L.Ed. 1511, 48 L.R.A.,N.S., 1151, Ann.Cas.1916A, 18; and Parker v. Brown, 317 U.S. 341, 360, 63 S.Ct. 307, 87 L.Ed. 315. We believe the order of October 2 discloses nothing burdensome, discriminatory, or regulatory of interstate commerce. By its terms it merely enlarges the intrastate Bloomington switching area from the servicing of eleven to fifteen industries. Four firms were excluded by the plaintiff's tariffs of 1940 and this exclusion, though approved at that time by the Commission, was found by the Illinois Supreme Court to be "unreasonable and arbitrary." Alton R. Co. v. Illinois Commerce Commission, supra, 382 Ill. 487, 48 N.E.2d 385. Certainly, this enlargement of the switching area as ordered by the Commission following the decision of the Illinois Supreme Court, while it may affect interstate commerce, does not unduly burden it because the effect of the order is that the enlarged switching area is confined to the municipal area of Bloomington and merely includes the addition of four industries, which prior to August 1, 1933, were subject to identical rates as the rest of the companies in Bloomington. Plaintiff's assertion that the effect of the order will divert interstate traffic from its accustomed route to intrastate routes is untenable, because plaintiff concedes that the order does not change its tariffs on file with the Interstate Commerce Commission, and it is not shown that the order would grant any lower rates to those using the intrastate instead of the interstate route.

■ Third. It is also clear from a reading of the order that plaintiff was afford-

ed due notice of the hearing; that it was represented by counsel; and that it had a full opportunity to produce and cross-examine witnesses. But plaintiff urges that it is without a plain, speedy, and efficient remedy in the State courts. The basis for this argument is that because both the Circuit Court of McLean County and the Commission have denied plaintiff's request for a stay of the order pending final determination of the case, the matter does not fall within the limitations prescribed by 28 U.S. C.A. § 41(1). We believe this question to be decided adversely to plaintiff's contention in Peoples Gas Light & Coke Co. v. Slattery, 373 Ill. 31, 25 N.E.2d 482. There the plaintiff utility brought suit to enjoin the defendants from enforcing certain gas rates for the City of Chicago. The court held that the utility's request for a temporary rate pending the appeal to the circuit court from the denial by the Commission of that rate was a proper matter for an equity court. The circuit court, being without authority to fix rates, could do nothing more than affirm or remand the matter to the Commission, and, therefore, as in the case of alleged confiscation, resort to equity is proper in the absence of a controlling statutory remedy. In the instant case the plaintiff could have sought equitable relief from the effect of the alleged confiscatory order.

Fourth and finally, we will consider whether the plaintiff's allegations of confiscation in violation of the due process clause of the Constitution is sufficient to invoke the jurisdiction of this court. The rule is that mere general allegations in the complaint of confiscation are insufficient. Illinois Commerce Commission v. Thomson, 318 U.S. 675, 685, 63 S.Ct. 834, 87 L. Ed. 1075. The allegation of confiscation, if it is to invoke this court's jurisdiction must be done by a complainant who carries the burden of proof and clearly establishes its case. Railroad Commission of California v. Pacific Gas & Electric Co., 302 U.S. 388, 394, 58 S.Ct. 334, 82 L.Ed. 319. Plaintiff does allege that by the terms of the order it will lose $12,000 annually. However, the defendant Commission in its order did consider a cost study of the diffi-

culty encountered by plaintiff with respect to the operating difficulties in providing switching service to one company, but concluded that this was insufficient to overcome the need for uniform rates within a switching area. Plaintiff argues that this method of the Commission in computing the alleged confiscatory rate is in error in that it presumes that any loss sustained in the switching area is of less importance than the maintenance of uniform rates in the area. It is not the province of this court to review the correctness of the Commission's method, but only to ascertain that the requirements of due process have been met. Railroad Commission of California v. Pacific Gas & Electric Co., supra, 302 U.S. 393, 58 S.Ct. 337. That we are satisfied that these requirements have been met is evident from the opinion; that we believe the plaintiff has failed to establish confiscation by not carrying the burden of proof is also true.

The complaint is ordered dismissed.